UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK CARTER,

        Petitioner,        Case Number: 2:17-CV-11787
                                        HON. GEORGE CARAM STEEH

v.

RANDALL HAAS,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

This is a habeas case under 28 U.S.C. § 2254. Petitioner Mark Carter is a state inmate at the Macomb Correctional Facility in New Haven, Michigan. He challenges his convictions for three counts of first-degree criminal sexual conduct, three counts of third-degree criminal sexual conduct, and kidnapping. Also before the Court is Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance. The Court grants the motion.

**I.**

Petitioner was charged with multiple sexual offenses in two cases

-1-

which were consolidated for trial. Following a jury trial in Wayne County Circuit Court, Petitioner was convicted and sentenced as a fourth habitual offender as follows: 37-1/2 to 75 years' imprisonment for the kidnapping conviction and each of the first-degree criminal sexual conduct convictions, and 10 to 15 years for each third-degree criminal sexual conduct convictions, all to be served concurrently.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising three claims through counsel and additional claims in a *pro per* supplemental brief. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Carter,* Nos. 317812, 317828, 2015 WL 1214446 (Mich. Ct. App. March 17, 2015). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. In lieu of granting leave to appeal, the court remanded the case to the trial court to determine whether it would have imposed a materially different sentence under the sentencing procedure described in *People v. Lockridge*, 498 Mich. 358 (2015). In all other respects, the court denied leave to appeal. *People v. Carter,* 499 Mich. 864 (Mich. March 8, 2016). The state court's docket indicates that the trial court conducted a post-conviction proceeding in Petitioner's case on December 21, 2016. *See People v. Carter*, No. 12-000953-01-FC

(Wayne County Cir. Ct. Dec. 21, 2016).  It is not clear, however, whether the trial court re-sentenced Petitioner, affirmed the initial sentence, or took some other action.  Because the Court determines that a stay is appropriate in this case, the Court need not resolve this question at this juncture.

Petitioner filed the pending habeas petition on May 30, 2017.  Petitioner also filed a motion to stay this proceeding so he may return to state court and raise additional, unexhausted claims in state court.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  Petitioner seeks a stay because, although the claims raised in the petition are exhausted, he would like to raise additional, unexhausted claims in state court.  He states he intends to raise numerous claims of ineffective assistance of counsel in state court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless,"

and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court finds that a stay is warranted in this case. First, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

Second, Petitioner asserts ineffective assistance of appellate counsel as cause for his failure to exhaust these claims. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Therefore, the Court finds Petitioner has satisfied the good cause standard.

Third, Petitioner's unexhausted claims are not plainly meritless because they allege a violation of Petitioner's constitutional rights that could serve as grounds for granting a writ of habeas corpus if supported by sufficient facts. Finally, the Court finds no indication that Petitioner is engaging in intentionally dilatory litigation tactics.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Petitioner must also ask this Court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

## II.

Accordingly, the Court GRANTS Petitioner's "Motion to Stay Proceedings and Hold Petition in Abeyance" (ECF No. 2). The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice.

Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

The Court further ORDERS that, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only.

Dated: June 15, 2017

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 15, 2017, by electronic and/or ordinary mail and also on
Mark Carter #215595, Macomb Correctional Facility,
34625 26 Mile Road, New Haven, MI 48048.

s/Barbara Radke
Deputy Clerk

---